Block v. Wilkerson & Co.

---

BLOCK V. WILKERSON & CO.

NOTES AND BILLS:   *Acceptance of draft :  What sufficient.*

The following indorsement by the drawee on a draft when presented for acceptance, " Protest waived, payment guaranteed," *held,* a sufficient acceptance to bind the drawee. Any words showing the intention of the drawee to accept or honor a bill will be sufficient.

Block v. Wilkerson.

APPEAL from *Miller* Circuit Court.
Hon. C. E. MITCHELL, Circuit Judge.

*O. D. Scott* for appellant.

The indorsements were only a guarantee, not an acceptance, and to hold appellant liable as a guarantor, there must have been demand, protest and notice. *2 Green, 189; 4 Ark., 76; 7 Pet., 112; 2 Bailey, S. C., 1; 35 N. H., 295; 14 La. Ann., 305; 42 Barb., 646; 29 La. Ann., 538; 14 Ark., 230.*

*Compton, Battle & Compton* for appellees.

No particular form of words is necessary to constitute an acceptance; any words showing an intention to accept or honor are sufficient. *1 Daniel Neg. Inst., 2d ed., pp. 400, 406, sec. 496, 503; Strong on Bills, sec. 242, 247.*

Where an instrument is susceptible of *two conflicting probable* constructions, the court will adopt that construction which is most consistent with good faith, etc. *2 Wharton on Evidence, sec. 1249; Broom's Legal Maxims, *729.*

If Coleman had funds in appellant's hands, then he was under obligation to accept, and the law will not impute bad faith to him in his indorsement. If he had no funds of the drawer's, and was under no obligation to accept, then Coleman was liable without demand or notice. *2 Daniel, pp. 111, 113,* and appellant would be liable even as guarantor. *24 Ark., 511,* and authorities cited by appellant's counsel.

#### STATEMENT.

ENGLISH, C. J. This action was brought the seventh of March, 1882, before a justice of the peace of Miller County, by Charles Wilkerson and George R. Ruffin, partners, under the firm name of Wilkerson & Ruffin, against Charles Block.

The complaint alleged that on the eighteenth of August, 1881, D. R. Coleman gave plaintiffs, for value received, his draft on Charles Block, as follows:

"TEXARKANA, August 18, 1881.

"$300. On the first day of October, 1881, pay to the order of Wilkerson & Ruffin three hundred dollars, value received, and charge the same to account of

"D. R. COLEMAN.

"To Charles Block, Texarkana, Texas."

That on the eighteenth of August, 1881, said draft was presented to said Charles Block for acceptance, whereupon he wrote on said draft these words: "Protest waived, payment guaranteed," and signed his name thereto.

That on the first day of October, 1881, said draft was duly presented to said Block for payment, and payment requested, whereupon he wrote on said draft, "Protest waived, and payment guaranteed," and signed his name thereto, by reason of which he undertook and obligated himself to pay said sum of three hundred dollars to plaintiff. That defendant Block had been often requested to pay the same, but had refused, etc.

There was a judgment in favor of plaintiff before the justice, and Block appealed to the Circuit Court.

In the latter court, the bill of exceptions states, "defendant pleaded orally for his answer, alleging that his liability upon the bill of exchange sued on was secondary, and not that of principal; that he was only a guarantor of the payment, and that plaintiff had by reason of non-protest and want of notice released from payment the principal in said draft, D. R. Coleman, the drawee thereof."

The parties submitted the case to the court, the plaintiffs

read in evidence the bill of exchange sued on, above copied, and the indorsement:

"Protest waived.

"Payment guaranteed.

"C. BLOCK."

Which was all the evidence. The court found for plaintiffs, and rendered judgment against defendant for the amount of the bill. No declarations of law were made by the court. Defendant moved for a new trial on the ground that the decision of the court was contrary to law and the evidence.

The motion was overruled and defendant took a bill of exceptions and appealed.

### OPINION.

Appellant was not sued as a guarantor, but as acceptor of the bill, and was so treated by the court below.

The bill was drawn upon him, and when presented for acceptance, he wrote upon it "protest waived, payment guaranteed," and signed his name, and when the bill was presented for payment he made a similar indorsement. This is not the usual form of a commercial acceptance, but form is not essential by the law merchant, nor under the statute. (*Gantt's Digest, secs. 549–52.*) Any words showing the intention of the drawee to accept or honor the bill are sufficient. (*1 Dan. Nego. Inst., 2d ed., sec. 497.*) If he write upon it "I will pay the bill," and sign his name, it will be treated as an acceptance. *Ib.*

In this case appellant, by writing on the bill "protest waived and payment guaranteed," must have meant that he would pay the bill. No other reasonable interpretation can be given to the words.

Affirmed.